# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
November 1, 2011 Session

## GLORIA G. NEUENSCHWANDER v. ROY P. NEUENSCHWANDER

**Appeal from the Chancery Court for Knox County**
**No. 137426-1      Jon Kerry Blackwood, Senior Judge**

---

**No. E2011-01773-COA-R3-CV-FILED-NOVEMBER 1, 2011**

---

This appeal is being pursued from the trial court's order of August 9, 2011. That order is not a final order. Accordingly, the appellant Gloria G. Neuenschwander's appeal is hereby dismissed.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

HERSCHEL P. FRANKS, P.J., D. MICHAEL SWINEY, AND JOHN W. MCCLARTY, JJ.

M. J. Hoover, III, Knoxville, Tennessee, appellant, Gloria G. Neuenschwander.

Lance A. Evans, Maryville, Tennessee, for the appellee, Roy P. Neuenschwander.

## MEMORANDUM OPINION[1]

The trial court's order of August 9, 2011, includes findings and conclusions. The order directs the parties to file material pertaining to "a reasonable attorney['s] fee." The order goes on to provide that "[t]hereafter, the Court will assess a reasonable attorney['s] fee." Furthermore, the appellee asserts that within 30 days of the entry of the subject order, the appellant filed a Tenn. R. Civ. P. 59 motion. In any event, the order of August 9, 2011, is not a final order. "A final judgment is one that resolves all the issues in the case, 'leaving nothing else for the trial court to do.' " ***In re Estate of Henderson***, 121 S.W.3d 643, 645

---

[1]Rule 10 of the Rules of the Court of Appeals provides as follows:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

(Tenn. 2003) (quoting **State ex rel. McAllister v. Goode**, 968 S.W.2d 834, 840 (Tenn. Ct. App. 1997)). Tenn. R. App. P. 3(a) provides, in relevant part, that "any order that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties is not enforceable or appealable. . . ." "Such an order is interlocutory or interim in nature and generally cannot be appealed as of right." **In re Estate of Henderson**, 121 S.W.3d at 645. This court does not have subject matter jurisdiction to adjudicate an appeal if there is no final judgment. *See* **Bayberry Assocs. v. Jones**, 783 S.W.2d 553, 559 (Tenn. 1990) ("Unless an appeal from an interlocutory order is provided by the rules or by statute, appellate courts have jurisdiction over final judgments only.").

As this appeal was taken from an order that was not final, we lack subject matter jurisdiction. Accordingly, we must dismiss the appeal.

The appeal of this matter is dismissed and this case is remanded to the trial court. Costs on appeal are taxed to the appellant, Gloria G. Neuenschwander.

PER CURIAM